IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case 17-33550 |
| IGNITE RESTAURANT GROUP | § | |
| INC., et al., | § | |
| | § | Chapter 11 |
| Debtors. | § | (Jointly Administered) |

| | | |
|---|---|---|
| DRIVETRAIN, LLC, Trustee | § | |
| IGNITE RESTAURANT GROUP | § | |
| GUC TRUST, | § | |
| | § | Adversary:    19-03472 |
| Plaintiff, | § | |
| vs. | § | |
| | § | |
| ECOLAB INC. | § | |
| | § | |
| Defendant. | § | |

**ORIGINAL ANSWER
OF ECOLAB INC. &
AFFIRMATIVE DEFENSES**

**TO THE HONORABLE JUDGE OF THE BANKRUPTCY COURT:**

NOW COMES **ECOLAB INC.** ("Ecolab" or "Defendant"), Defendant, pleading answers and affirmative defenses to the *TRUSTEE'S ORIGINAL COMPLAINT* [adv. docket 1] (the "Complaint") filed by **DRIVETRAIN, LLC, Trustee, IGNITE RESTAURANT GROUP GUC TRUST** ("Plaintiff"), relating to the bankruptcy-estate of **IGNITE RESTAURANT GROUP INC. et al.**[1] ("Debtors"), thus responding and arguing, to-wit:

**Answer**

1.  Answering Complaint ***paragraph one***, Defendant admits the averments therein.

2.  Answering Complaint ***paragraph two, sentence one***, Defendant asserts the sentence is a legal conclusion and that there are no facts alleged therein to which a response is required; to the extent a response is required, Defendant denies any averments therein.  Answering Complaint ***paragraph two, sentence two***, Defendant asserts the sentence is a legal conclusion and that

---

[1]    As defined in the Complaint.

there are no facts alleged therein to which a response is required; to the extent a response is required, Defendant denies any averments therein.

3. Answering Complaint ***paragraph three, sentence one***, Defendant admits the Court entered its Confirmation Order [docket 967]; however, the remainder of the sentence a legal conclusion and there are no facts alleged therein to which a response is required; to the extent a response is required, Defendant denies any averments therein. Answering Complaint ***paragraph three, sentence two***, the sentence is comprised of a legal conclusion and there are no facts alleged therein to which a response is required; to the extent a response is required, Defendant denies any averments therein. Answering Complaint ***paragraph three, sentence three***, Defendant admits to the creation of the GUC Trust, Drivetrain LLC, Trustee [docket 1134], but denies the remainder of the sentence as it is comprised of legal conclusions with no facts alleged therein to which a response is required; to the extent a response is required, Defendant denies any averments therein.

4. Answering Complaint ***paragraph four***, Defendant asserts the sentence is comprised of legal conclusions and that there are no facts alleged therein to which a response is required; to the extent a response is required, Defendant denies any averments therein.

5. Answering Complaint ***paragraph five***, Defendant admits the averments therein.

6. Answering Complaint ***paragraph six***, Defendant asserts the sentence is comprised of legal conclusions and that there are no facts alleged therein to which a response is required; to the extent a response is required, Defendant denies any averments therein. Defendant does not dispute this Court's jurisdiction.

7. Answering Complaint ***paragraph seven***, Defendant asserts the sentence is comprised of legal conclusions and that there are no facts alleged therein to which a response is required; to the extent a response is required, Defendant denies any averments therein. Defendant admits this Adversary's venue is proper.

8. Answering Complaint ***paragraph eight***, Defendant asserts the sentence is comprised of legal conclusions and that there are no facts alleged therein to which a response is required; to the extent a response is required, Defendant denies any averments therein.

9. Answering Complaint ***paragraph nine***, Defendant asserts the sentence is comprised of legal conclusions and that there are no facts alleged therein to which a response is required; to the extent a response is required, Defendant denies any averments therein. Per the procedural rules of this Court, Defendant does "consent to the entry of final orders or judgment by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution." B.L.R. 7012-1 (Bankr. S.D. Tex.)

10. Answering Complaint ***paragraph ten, sentence one***, Defendant admits Debtors maintained the Joe's Crab Shack and Brick House Tavern + Tap restaurant brands, but Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the sentence; therefore, it cannot admit or deny the averments in the remainder of the sentence and thus denies same. Answering Complaint ***paragraph ten, sentence two***, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the sentence; therefore, it cannot admit or deny the averments in the remainder of the sentence and thus denies same.

11. Answering Complaint ***paragraph eleven, sentence one***, Defendant admits the averments therein. Answering Complaint ***paragraph eleven, sentence two***, Defendant admits the averments therein.

12. Answering Complaint ***paragraph twelve, sentence one***, Defendant admits Debtors and Defendant had a Debtor and Creditor relationship; however, at present, contingent on its ongoing investigation into the facts underling this Complaint, Defendant lacks sufficient information to form a belief whether those were the only goods and services provided and therefore denies the same. Answering Complaint ***paragraph twelve, sentence two***, Defendant admits, contingent on its ongoing investigation into the facts underling this Complaint, that at least some of the goods and services for which Defendant received payment was on account of pest- and insect-elimination and control services; however, at present, contingent on its ongoing investigation into the facts underling this Complaint, Defendant lacks sufficient

information to form a belief whether those were the only goods and services provided and therefore denies the same.

13. Answering Complaint **paragraph thirteen,** Defendant incorporates its responses to all preceding paragraphs *seriatim* as if fully set forth herein.

14. Answering Complaint **paragraph fourteen**, Defendant denies the averment that all payments listed in Exhibit "A" were for "previously ordered products and/or services . . . ." Defendant admits funds were transferred between Defendant and Debtors; however, at present, contingent on its ongoing investigation into the facts underling this Complaint, Defendant lacks sufficient information to form a belief as to the remainder of the averments in the paragraph and therefore denies the same.

15. Answering Complaint **paragraph fifteen**, Defendant denies the averment that payments were exclusively for "products and/or services rendered and/or provided," to the extent such clause implies all payments were on account of antecedent debts, and Defendant denies the remainder of the paragraph as Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the sentence; therefore, it cannot admit or deny the averments in the remainder of the sentence and thus denies same.

16. Answering Complaint **paragraph sixteen**, Defendant denies the averment that payments were exclusively for "antecedent debt or debts owed by the Debtors to the Defendant before each such Transfer was made," and Defendant denies the remainder of the paragraph as Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the sentence; therefore, it cannot admit or deny the averments in the remainder of the sentence and thus denies same.

17. Answering Complaint **paragraph seventeen**, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph; therefore, it cannot admit or deny the averments and thus denies same.

18. Answering Complaint **paragraph eighteen, sentence one**, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph; therefore, it cannot admit or deny the averments and thus denies same. Answering

Complaint ***paragraph eighteen, sentence two***, Defendant asserts the sentence is comprised of legal conclusions and that there are no facts alleged therein to which a response is required; to the extent a response is required, Defendant denies any averments therein.

19. Answering Complaint ***paragraph nineteen***, Defendant asserts the paragraph is comprised of legal conclusions and that there are no facts alleged therein to which a response is required; to the extent a response is required, Defendant denies any averments therein.

20. Answering Complaint ***paragraph twenty,*** Defendant incorporates its responses to all preceding paragraphs *seriatim* as if fully set forth herein.

21. Answering Complaint ***paragraph twenty-one***, Defendant admits the averments therein.

22. Answering Complaint ***paragraph twenty-two***, Defendant admits the averments therein.

23. Answering Complaint ***paragraph twenty-three, sentence one***, Defendant asserts the paragraph is comprised of legal conclusions and that there are no facts alleged therein to which a response is required; to the extent a response is required, Defendant denies any averments therein. Answering Complaint ***paragraph twenty-three, sentence two***, Defendant asserts the paragraph is comprised of legal conclusions and that there are no facts alleged therein to which a response is required; to the extent a response is required, Defendant denies any averments therein.

24. And, save as is hereinbefore specifically admitted, denied, or otherwise pleaded to, Defendant denies the Complaint's ***unnumbered prayer paragraph***, and denies each and every allegation not specifically admitted herein as set out and averred in the Complaint as though each were set out and traversed *seriatim*.

## Affirmative Defenses

25. NOW COMES Defendant herein, and file this its affirmative defenses regarding the plead counts of claim of Plaintiff, to-wit:

26. Defendant asserts the affirmative defense that Plaintiff may not avoid any Transfer[2] to Defendant to the extent such Transfer, if any, was: (a) intended by the Debtors and Defendant to be a contemporaneous exchange for new value given to the Debtor; and (b) in fact a substantially contemporaneous exchange. To the extent that the Transfer was not payment in advance for new value provided to the Debtors, Defendant alleges that one or more of the Transfers received by Defendant is or may be protected by this defense.

27. Defendant asserts the affirmative defense that Plaintiff may not avoid any Transfer to Defendant to the extent such Transfer, if any, was in payment of a debt incurred by the Debtors and the Defendant in the ordinary course of business or financial affairs of the Debtors and the Defendant; and was either: (a) made in the ordinary course of business or financial affairs of the Debtors and the Defendant; or (b) made according to ordinary business terms. To the extent that any Transfer is not otherwise protected, Defendant alleges that one or more of the Transfers received by Defendant is protected by this defense.

28. Defendant asserts the affirmative defense that Plaintiff may not avoid any Transfer to the extent that, after such Transfer, if any, the Defendant gave new value to or for the benefit of the Debtors: (a) not secured by an otherwise unavoidable security interest; and (b) on account of which new value the Debtors did not make an otherwise unavoidable Transfer to or for the benefit of the applicable Defendant. To the extent that any Transfer is not otherwise protected, Defendant alleges that one or more of the Transfers received by Defendant is protected by this defense.

## Prayer for Relief

29. WHEREFORE, Defendant respectfully requests that the Court grant Plaintiff a take-nothing judgment, thus entering judgment in its favor and against Plaintiff, or otherwise dismiss the Complaint with prejudice, award Defendant its costs, and grant to Defendant such other and further relief at law and in equity as the Court finds just and equitable.

---

[2] As defined in the Complaint ¶ 14.

## Counsel Signature

30.     REMEMBERED and GIVEN UNDER MY HAND this the _____ day of the month of August, *an. Dom.* 2019.

**PADFIELD & STOUT, L.L.P.**

_____
John E. Johnson, *of Counsel*
State Bar [Tex.] 24025457
Dallas Office:
705 Ross Avenue
Dallas TX 75202
+1 214 215 6402 [wireless]
jjohnson@padfieldstout.com

Local Counsel for Defendant

&&&

**KOHNER, MANN & KAILAS, S.C.**

SAMUEL C. WISOTZKEY
Washington Building
Barnabas Business Center
4650 N. Port Washington Rd.
Milwaukee WI 53212-1059
+1 414 962 5110 – telephone
+1 414 962 8725 – telecopy
swisotzkey@kmksc.com — e-mail

Counsel for Defendant, Ecolab Inc.

## **CERTIFICATE OF SERVICE**

      The undersigned converted the foregoing document into an electronic image, via portable document format (.pdf), electronically submitted same to the Internet web portal for the Clerk of this Court utilizing the Electronic Management and Electronic Case Filing system of the Court, which has caused service, via Simple Mail Transfer Protocol (e-mail), of a Notice of Electronic Filing of this imaged document to the below-identified parties on Friday, August 23, 2019; said e-mail provides an attributable hyperlink to the document, in portable document format, except any non-electronic served counsel; in that instance, such document was mailed via First Class United States Mail, to-wit:

jspomerantz@pszjlaw.com
jnolan@pszjlaw.com
mwarner@colescholtz.com
bwallen@colesholtz.com

And to Each Firm via United States Postal Service

Michael D. Warner, Esq.
Benjamin L. Wallen, Esq.
COLE SCHOLTZ PC
Suite 1700, Bank of America Tower
301 Commerce Street
Fort Worth TX 76102

*Local Counsel for Plaintiff*

Jason S. Pomerantz, Esq.
Jeffrey P. Nolan, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
Thirteenth Floor, Ten100 Santa Monica (Century City)
10100 Santa Monica Blvd.
Los Angeles CA 90067

*Counsel for Plaintiff*

                                          /s/ *John E. Johnson.*
                                          JOHN E. JOHNSON.

# # # END # # #

**Counsel Signature**

30. REMEMBERED and GIVEN UNDER MY HAND this the \_\_\_23rd\_\_\_ day of the month of August, an. Dom. 2019.

                                          **PADFIELD & STOUT, L.L.P.**

                                          _/s/ John E. Johnson_ *of Counsel*
John E. Johnson, *of Counsel*
State Bar [Tex.] 24025457
Dallas Office:
705 Ross Avenue
Dallas TX 75202
+1 214 215 6402 [wireless]
jjohnson@padfieldstout.com

Local Counsel for Defendant

&&&

**KOHNER, MANN & KAILAS, S.C.**

SAMUEL C. WISOTZKEY
Washington Building
Barnabas Business Center
4650 N. Port Washington Rd.
Milwaukee WI 53212-1059
+1 414 962 5110 – telephone
+1 414 962 8725 – telecopy
swisotzkey@kmksc.com — e-mail

Counsel for Defendant, Ecolab Inc.